

850

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Abner L. Lewis, Member
Board of Pardons & Paroles
Austin, Texas

Dear Mr. Lewis:　　　　　　Opinion No. O-7192

　　　　　　　　　　Re: Whether or not deficiency war-
　　　　　　　　　　rants can be issued for balance
　　　　　　　　　　of fiscal year 1945-46 to pay
　　　　　　　　　　difference in rental contract,
　　　　　　　　　　under the facts stated.

　　　　We beg to acknowledge receipt of your request for an
opinion of this Department on the above subject matter, your let-
ter being as follows:

　　　　"On March 11th, 1946, the Board of Pardons and
Paroles and Board of Control received notice from
Mr. J. A. Henson, lessor of the property now being
used by the Board of Pardons, to vacate said prem-
ises on May 1st, 1946, as the lessor previously had
tried to make a raise in rent to an additional $38.00
per month over and above the $162.00 per month now
specified as the monthly rental for said premises.
The lessor was informed that the Board was without
authority to make such additional payments because
of the fact that the budget passed by the last Legis-
lature allowed only $2000.00 per year for the pur-
pose of paying rent.

　　　　"The Board exercised due diligence and attempted
to locate quarters in the City of Austin and especial-
ly in the Tribune Building now owned by the State, but
the space available is not sufficient to house the
Board of Pardons and Paroles because of equipment and
files necessary to the conduct of the Board's business.
In negotiation with the lessor today, he has agreed to
accept a deficiency warrant for the sum of $38.00 per
month for the remaining three months of this fiscal
year and hold same until payment is finally authorized
legally. It is understood, however, that beginning on
September 1st, 1946, the Board will begin the payment

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

of $200.00 per month for the remaining one year cover-
ed by said lease, it being the purpose of the Board
to request additional budget allowances to cover the
remaining portion of the lease when the Legislature
meets in January 1947.

"Now, the purpose of this request for an opin-
ion is to ascertain:

"'Can this Board legally issue its
deficiency warrants covering the $38.00
per month for the balance of the fiscal
year 1945-1946, up to and including
September 1st, 1946.'

"It is to be understood that all other provisions
of the lease shall remain intact excepting the clause
of ten days notice from the lessor to lessee to vacate,
but retaining the clause permitting the Board to can-
cel the lease upon thirty days notice."

Your question must be answered in the negative.

A copy of the rental contract between your Board and
Mr. Henson attached to your request discloses that the lessor
reserved the right to cancel and terminate the lease at the end
of any calendar month, by giving to the lessee written notice
of such cancellation, either in person or by mail, at least ten
(10) days previous to the desired cancellation date. It appears
from your statement the lessor has availed himself of that privi-
lege, so that your Board stands in need of office space or quar-
ters from and after the termination of the lease through the exer-
cise of that option.

Senate Bill No. 266 passed by the 48th Legislature, in-
sofar as applicable, is as follows:

"Section 1. Hereafter all departments and agen-
cies of the State Government, when rental space is
needed for carrying on the essential functions of
such agencies or departments of the State Government,
shall submit to the State Board of Control a request
therefor, giving the type, kind, and size of building
needed, together with any other necessary description,
and stating the purpose for which it will be used and
the need therefor.

Honorable Abner L. Lewis - page 3

"Sec. 2. The State Board of Control, upon receipt of such request, and if the money has been made available to pay the rental thereon, and if, in the discretion of the Board such space is needed, shall forthwith advertise in a newspaper, which has been regularly published and/circulated in the city, or town, where such rental space is sought, for bids on such rental space, for the uses indicated and for a period of not to exceed two years. After such bids have been received by the State Board of Control at its principal office in Austin, Texas, and publicly opened, the award for such rental contract will be made to the lowest and best bidder, and upon such other terms as may be agreed upon. The terms of the contract, together with the notice of the award of the State Board of Control will be submitted to the Attorney General of Texas, who will cause to be prepared and executed in accordance with the terms of the agreement, such contract in quadruplicate; one of which will be kept by each party thereto, one by the State Board of Control, and one by the Attorney General of Texas. The parties to such contract will be the department or agency of the government using the space as lessee and the party renting the space as lessor."

In clear terms this statute provides for just such need as confronts your Board, and constitutes the only method authorized by law to obtain such needed space.

This holding is one of many heretofore rendered by this Department to the same general effect.

Yours very truly

APR 6 1946    ATTORNEY GENERAL OF TEXAS

BY

Ocie Speer
Assistant

OS-MR


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN